<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANNA WEBB, | : | |
| | : | |
| Plaintiff, | : | **Civil Action No. 14-6378 (SRC)(CLW)** |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**<u>CHESLER</u>**, District Judge

This matter comes before the Court upon Defendant United States of America's ("Defendant") motion for summary judgment [Docket Entry 13].  Plaintiff Anna Webb ("Plaintiff") has opposed the motion.  The Court has considered the parties' submissions and held oral argument on May 25, 2016 [Docket Entry 21].  For the reasons set forth below, the Court will grant Defendant's motion.

This case arises from Plaintiff's trip and fall outside of the VA hospital at 385 Tremont Avenue, East Orange, New Jersey, on January 25, 2013.  (Defendant's Statement of Undisputed Material Facts ¶¶ 1, 2, 6 [hereinafter SUF].)  Plaintiff parked her car near the entrance of the VA hospital in a handicapped spot, and tripped and fell while walking towards the building, sustaining injuries.  (SUF ¶¶ 5-6.)  Plaintiff alleges that the VA is responsible for her injuries, because she was caused to fall on the curb on the sidewalk near the entrance of the VA hospital due to Defendant's negligence in maintaining, repairing, and/or inspecting the property.  (Compl ¶¶ 11, 14-15, 18-19.)

1

The Court held oral argument in this matter on May 25, 2016 [Docket Entry 21], and subsequently reopened discovery to permit a second deposition of Plaintiff for the purpose of identifying the alleged defect that caused her fall [Docket Entry 22]. Both sides were given the opportunity to supplement their submissions following the second deposition, which was taken on June 15, 2016 [Docket Entry 23]. Defendant submitted a response on July 6, 2016 [Docket Entry 26], and Plaintiff failed to file a supplemental submission with the Court following the second deposition, within the time frame the Court outlined in its order reopening discovery.

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the

2

burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." *Gleason v. Norwest Mortg., Inc.*, 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

"The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." *Robinson v. Vivirito*, 217 N.J. 199, 208 (2014) (citations omitted). The plaintiff bears the burden to show that the defendant's negligence caused her injury. *Fedorczyk v. Caribbean Cruise Lines Ltd.*, 82 F.3d 69, 74 (3d Cir. 1996). For a plaintiff to show proximate cause, a defendant's conduct must be a cause-in-fact of the

plaintiff's injury, and the plaintiff must prove this fact by a preponderance of the evidence. *Kulas v. Public Serv. Elec. & Gas Co.*, 41 N.J. 311, 317 (1964). "Proof of a fall alone would not be adequate to create an inference of negligence." *Simpson v. Duffy*, 19 N.J. Super. 339, 343 (N.J. Super. Ct. App. Div. 1952) (citations omitted), *certif. denied,* 10 N.J. 315 (1952). Rather, "[t]he plaintiff must introduce evidence which provides a reasonable basis for the conclusion that it was more likely than not that the negligent conduct of the defendant was a cause in fact of the injury." *Fedorczyk*, 82 F.3d at 74.

Plaintiff alleges that she tripped and fell due to a defect in the sidewalk near the entrance of the VA hospital, but Plaintiff has failed to demonstrate by a preponderance of the evidence that the conduct of Defendant was the cause-in-fact of her fall. Plaintiff failed in both of her depositions to identify the location where she fell with any certainty. (*See* Webb 6/15/16 Dep. at 170:25-171:17; 181:7-14; 184:10-20.) Furthermore, Plaintiff has not established that a defect in the sidewalk actually existed on the day of her fall. Plaintiff testified that she did not, in fact, observe a defect in the sidewalk at the time of her fall, or even on the day of her fall, and she has not offered any other evidence to establish the presence of a defect on January 25, 2013. (Webb 3/2/16 Dep. at 72:2-76:14; 77:5-78:1.) Her deposition testimony indicates that she did not observe a defect in the sidewalk until months after her fall. (Webb 3/2/16 Dep. at 76:12-14.) The Court finds that Plaintiff has offered no admissible evidence that a defect in the sidewalk caused her fall, and therefore any argument Plaintiff may offer as to a defect as the cause-in-fact of her injury is mere speculation.

Plaintiff has failed to show that a defect in the VA hospital premises was the cause-in-fact of her fall. Without this showing, Plaintiff has not adequately proven her negligence claim.

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment. An appropriate Order will be filed herewith.

                                               s/ Stanley R. Chesler
                                               STANLEY R. CHESLER
                                               United States District Judge

Dated: July 8, 2016