<u>NOT FOR PUBLICATION</u>
**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ANNA WEBB, | : : : : : : : : : : | Civil Action No. 14-6378 (SRC)(CLW)  OPINION |
| Plaintiff, |
| v. |
| UNITED STATES OF AMERICA, |
| Defendant. |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court upon Plaintiff Anna Webb's ("Plaintiff") motion to reopen this case and vacate the Court's July 8, 2016 Order pursuant to Federal Rule of Civil Procedure 60(b) [Docket Entry 29]. Defendant United States of America ("Defendant") opposes the motion [Docket Entry 33]. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will deny Plaintiff's motion to reopen and vacate.

**I. BACKGROUND**

This case arises from Plaintiff's trip and fall outside of the VA hospital at 385 Tremont Avenue, East Orange, New Jersey, on January 25, 2013. Plaintiff parked her car in a lot near the entrance of the VA hospital, and fell while walking towards the building, sustaining injuries. Plaintiff alleges that she was caused to fall on the curb on the sidewalk near the entrance of the VA hospital due to Defendant's negligence in maintaining, repairing, and/or inspecting the property. (Compl ¶¶ 11, 14-15, 18-19).

Defendant filed a motion for summary judgment in this case on March 29, 2016 [Docket

Entry 13]. Plaintiff opposed the motion, and submitted an architect's report, in which her expert concluded that there was a hazardous defect in the sidewalk curb at the time of the expert's site inspection [Docket Entry 19]. The Court held oral argument on May 25, 2016, and subsequently reopened discovery to permit a second deposition of Plaintiff so that Plaintiff could identify the alleged defect that caused her to fall [Docket Entry 22]. Both sides were given the opportunity to supplement their submissions following the second deposition, which was taken on June 15, 2016 [Docket Entry 23]. Defendant submitted a response on July 6, 2016, which included the full text of Plaintiff's second deposition [Docket Entry 26]. Plaintiff failed to file a supplemental submission with the Court following the second deposition. On July 8, 2016, this Court granted Defendant's motion for summary judgment finding that Plaintiff failed in both of her depositions to identify the location where she fell with any certainty and failed to establish that a defect in the sidewalk actually existed on the day of her fall and caused her to fall [Docket Entry 28]. Plaintiff now moves to vacate the Court's July 8, 2016 Order granting summary judgment on the Complaint in favor of Defendant.

## II. RULE 60(B) MOTION

Federal Rule of Civil Procedure 60(b) provides that a court may relieve litigants from a final judicial order for certain reasons. Rule 60(b)(6), which Plaintiff here invokes, offers relief from an order or judgment for "any other reason that justifies relief." Relief under Rule 60(b)(6) "is available only in cases evidencing extraordinary circumstances." *Reform Party v. Allegheny County Dept. of Elections,* 174 F.3d 305, 311 (3d Cir. 1990) (*quoting Martinez-McBean v. Government of Virgin Islands,* 562 F.2d 908, 911 (3d Cir. 1977)). The trial court has discretion in deciding whether to grant a motion for relief from final judgment. *Merrifield v. United States*, No. CIV. 07-987, 2011 WL 1205473, at *4 (D.N.J. Mar. 28, 2011) (citing *Hodge v. Hodge,* 621

F.2d 590, 593 (3d Cir. 1980)).  "The Court will not vacate final judgment [on a Rule 60(b) motion], where such action would be futile."  *Smart v. Borough of Lindenwold*, No. CIV. 07-6102, 2011 WL 4810002, at *3 (D.N.J. Oct. 11, 2011).  *See also In re Nazi Era Cases Against German Defendants Litig.*, 240 F. App'x 980, 981 (3d Cir. 2007); *Keeling v. Attorney Gen. for Pennsylvania*, 575 F. App'x 16, 17 (3d Cir. 2014); *Merrifield*, 2011 WL 1205473, at *6.

Here, Plaintiff seeks to reopen the case and vacate the Court's Order granting summary judgment, arguing that her attorney was experiencing personal problems and was thus unable to submit papers relating the second deposition before the summary judgment motion was decided. (Davis Dec. ¶ 18, Docket Entry 29-1).  Plaintiff has included a supplemental submission addressing the second deposition with her 60(b) motion [Docket Entry 30].  Defendant opposes the motion on the ground that Plaintiff's request is futile because even when the Court considers the supplemental submission that Plaintiff finally provided, Plaintiff still fails to identify the specific place where she fell in the VA parking lot.

Defendant is correct.  Plaintiff's supplemental submission does not change the fact that at the second deposition when Plaintiff was given several photographs that had been provided by her own counsel, Plaintiff could not identify where she fell.  (Webb Dep. 170:25-171:17; 181:7-14; 184:10-20).  She also provided contradictory accounts of the route she took from her car until her fall and was unable to identify the site of her fall on a map, claiming that she found the map too confusing.  (Webb Dep. 151:14-156:23; 201:20-202:12).

Plaintiff argues in in her supplemental submission that she could identify the location of her fall.  To support this contention, she quotes an excerpt from her deposition:

> Q: Now, this photograph, do you believe that this depicts the area where your foot was when you fell?
> A: Yes, my foot went down in that.

3

> Q: And do you think this accurately depicts what the sidewalk – strike that. Do you think this accurately depicts what the curb looked like on the day that you fell?
> A: Yes.

(Webb Dep. 179:16-25).  Although Plaintiff seems to identify where she fell in this excerpt, it is too speculative for this Court to view her statements as evidence that there was a defect at that location that caused her fall.  Plaintiff failed to provide the Court with the photograph to which she was referring in this excerpt, and thus the Court is unable to determine whether there was a visible defect.  Additionally, Plaintiff does not make a connection between the spot she identified in her deposition and the spot that her expert identified as defective in her report.  Given that she was unable to identify the location in most photographs, that she did not submit to the Court the one photograph in which she could identify the location of the fall, and that she did not provide any other arguments or evidence in her supplemental submission, Plaintiff fails to show that a defect caused her to fall.1  Thus, this Court finds that reopening this case would be futile and the Court need not find whether there were extraordinary circumstances under Rule 60(b)(6).

For the foregoing reasons, the Court will deny Plaintiff's motion.  An appropriate form of Order will be filed.

    s/Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: February 3, 2017

---

1 In Plaintiff's reply, she writes that "Plaintiff hereby attaches the entire transcript for review by the Court to determine as to whether the Plaintiff knew where she fell rather than rely on segments which the Defendant has attempted to construe in their favor." (Rep. Br. at 1-2).  First of all, the Court already considered the transcript of the second deposition when it decided the motion for summary judgment, because the transcript was attached to Defendant's submission.  Thus, attaching the transcript does not help Plaintiff's argument at all.  Additionally, the Third Circuit has stated that "'Judges are not like pigs, hunting for truffles buried in the record.' And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments." *United States v. Claxton*, 766 F.3d 280, 307 (3d Cir. 2014) (citations omitted).  It is Plaintiff's counsel's job to point to the places in the record that indicate that Plaintiff knew where she fell and what defect caused her fall, not the Court's job to hunt for evidence.  Here, Plaintiff has failed to bring to the Court's attention evidence of the defect that caused her fall.